**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald Ceo, #258464, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2023-000848

---

Appeal From The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

---

Unpublished Opinion No. 2025-UP-178
Submitted May 1, 2025 – Filed June 4, 2025

---

**AFFIRMED**

---

Ronald Ceo, pro se.

Christina Catoe Bigelow, of South Carolina Department of Corrections, of Columbia, for Respondent.

---

**PER CURIAM:** Ronald Ceo, pro se, appeals a decision from the Administrative Law Court (ALC) dismissing his appeal, which stemmed from the South Carolina Department of Corrections' (SCDC's) determination that he was not entitled to be paid pursuant to the prevailing wage statute[1] for work he completed while

---

[1] S.C. Code Ann. § 24-3-430 (Supp. 2024).

incarcerated at the MacDougall Correctional Institution. On appeal, Ceo argues he is entitled to a prevailing wage because he helped produce a product that was sold in interstate or intrastate commerce. We affirm pursuant to Rule 220(b), SCACR.

We hold substantial evidence supports the ALC's finding that Ceo failed to show deprivation of a state-created liberty or property interest because the work Ceo performed as a baler is consistent as "service work" as defined by section 24-1-295 of the South Carolina Code (2025), and thus, is not subject to the prevailing wage statute as Ceo asserts. Accordingly, the ALC properly dismissed Ceo's appeal. *See Buchanan v. S.C. Dep't of Prob., Parole, & Pardon Servs.*, 442 S.C. 393, 401, 899 S.E.2d 600, 605 (Ct. App. 2023) (explaining this court may reverse or modify the decision of the ALC "only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law"); *Allen v. S.C. Dep't of Corr.*, 439 S.C. 164, 169, 886 S.E.2d 671, 673 (2023) ("[A]n inmate must allege the denial of a state-created liberty interest to be entitled to relief for the denial of his due process rights."); § 24-3-430(A) (holding that inmates involved in "the manufacturing and processing of goods, wares, or merchandise or the provision of services" are entitled to a prevailing wage for their work); § 24-1-295 (stating SCDC may "negotiate the wage to be paid for inmate labor provided under prison industry service work contracts and export work contracts, and these wages may be less than the prevailing wage for work of a similar nature in the private sector"); § 24-1-295 ("[S]ervice work is defined as any work that includes repair, replacement of original manufactured items, packaging, sorting, recycling, labeling, or similar work that is not original equipment manufacturing."); *Gatewood v. S.C. Dep't of Corr.*, 416 S.C. 304, 316, 785 S.E.2d 600, 607 (Ct. App. 2016) (explaining section 24-1-295 "authoriz[es] service work contracts and payment below the prevailing wage").

**AFFIRMED.**[2]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.